# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2234

_____

United States of America,

      Appellee,

v.

Angel Abarca Sandoval,

      Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Nebraska.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: November 4, 2005
Filed: November 7, 2005

_____

Before MURPHY, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Angel Abarca Sandoval appeals the statutory minimum sentence the district court[1] imposed after he pleaded guilty to possessing with intent to distribute 500 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1). For reversal, he argues that the district court erred by not making final findings of fact when denying safety-valve relief under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. Sandoval also contends that his attorney was ineffective for failing to object or to put on evidence regarding his eligibility for

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

safety-valve relief, and that his guilty plea was not voluntary because he was led to believe by his counsel, the interpreter, and the government that he would qualify for safety-valve relief if he pleaded guilty.

We conclude that the district court did not plainly err in its safety-valve ruling, because Sandoval's counsel conceded at sentencing that Sandoval had not been able to satisfy one of the requirements for safety-valve relief – truthfully providing the government before sentencing with all information regarding the offense. See United States v. Olano, 507 U.S. 725, 732-33 (1993) (appellate court may correct plain error affecting substantial rights where question was not specifically urged below); United States v. Rios, 171 F.3d 565, 566 (8th Cir. 1999) (where at sentencing defendant failed to dispute government's contention that he did not qualify for safety-valve relief, denying safety-valve relief was not plain error, and it would have been plain error to apply safety valve provision). Sandoval's claim of ineffective assistance, and his related claim of an involuntary plea, are not properly before us in this direct criminal appeal. See United States v. Lee, 374 F.3d 637, 654 (8th Cir. 2004) (ineffective-assistance claim), cert. denied, 125 S. Ct. 2962 (2005); United States v. Murphy, 899 F.2d 714, 716 (8th Cir. 1990) (involuntary-plea claim).

Accordingly, we affirm. We also deny the pending pro se motions.

_____